# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS, et al., | CASE NO. 1:10-cv-00792-LJO-SKO PC |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 13) |
| W. GARDNER, et al., | OBJECTIONS DUE WITHIN 20 DAYS |
| Defendants. | |

Plaintiffs Charles A. Rogers, Demitrius M. McClendon, and Antonio P. Youmans ("Plaintiffs") are state prisoners proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiffs have filed a motion requesting the certification of this litigation as a class action. (Doc. #13.) Federal Rule of Civil Procedure 23(a) provides that a class action may only be brought if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiffs are not attorneys and are proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975) (pro se prisoner litigant cannot fairly and adequately protect the interests of fellow inmates in a class action). A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321

1  (2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust
2  v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney has a right to appear pro se on
3  his/her own behalf, but "has no authority to appear as an attorney for others").  Therefore, the Court
4  will recommend that Plaintiffs' request to certify this litigation as a class action be denied.

5        Further, after reviewing the complaint, the Court has determined that each plaintiff should
6  proceed separately on his own claims.  Rule 21 of the Federal Rules of Civil Procedure provides that
7  "[p]arties may be dropped or added by order of the court on motion of any party or of its own
8  initiative at any stage of the action and on such terms as are just," and "[a]ny claim against a party
9  may be severed and proceeded with separately."  Courts have broad discretion regarding severance.
10 See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of
11 Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

12       Plaintiffs Rogers and McClendon are currently housed at the California Substance Abuse
13 Treatment Facility and State Prison in Corcoran, California.  Plaintiff Youmans is currently housed
14 at Pleasant Valley State Prison in Coalinga, California.  An action brought by multiple plaintiffs
15 proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural
16 problems that cause delay and confusion.  Delay often arises from the frequent transfer of inmates
17 to other facilities or institutions, the changes in addresses that occur when inmates are released on
18 parole, and the difficulties faced by inmates who attempt to communicate with each other and with
19 other individuals who are not incarcerated.  Further, the need for all plaintiffs to agree on all filings
20 made in this action, and the need for all filings to contain the original signatures of all plaintiffs will
21 lead to further delay and confusion.  Therefore, Plaintiffs' claims shall be severed – Plaintiff Rogers
22 shall proceed as the sole plaintiff in this action, and new actions shall be opened for Plaintiffs
23 McClendon and Youmans.  Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir.
24 2006).  Each plaintiff shall be solely responsible for prosecuting his own action.

25       Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:
26     1.     Plaintiffs' request for class certification be DENIED; and
27     2.     The claims in this action be severed such that each plaintiff shall proceed separately
28         on his own claim.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 28, 2010**             /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE