# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEMITRIUS M. MCCLENDON,

Plaintiff,

v.

W. GARDNER, et al.,

Defendants.

/

CASE NO. 1:11-cv-00239-LJO-SKO PC

ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY (30) DAYS

Plaintiff Demitrius M. McClendon("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California ("CSATF/SP"). Plaintiff names W. Gardner (correctional officer), Turner (correctional sergeant), Mayfield (correctional sergeant), S. Zuinani (appeals coordinator), and Ken Clark (warden/supervisor) as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any claims under Section 1983. The Court will dismiss Plaintiff's complaint with leave to file an amended complaint which cures the deficiencies identified in this order.

## I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II. Background

### A. Procedural Background

The complaint in this action was filed on May 5, 2010. This lawsuit was originally filed on behalf of Plaintiff, as well as Demitrius M. McClendon and Antonio P. Youmans. The three plaintiffs requested certification of this lawsuit as a class action. On February 11, 2011, the Court denied class certification and also severed the lawsuit so that each plaintiff would proceed in his own lawsuit. (Doc. #19.)

///

///

///

**B. Factual Background**

Plaintiff claims that Defendants violated his rights under the U.S. Constitution by losing his quarterly package. Plaintiff "filed a 602[1] in regards that his package has come up missing." (Compl. ¶ 36, ECF No. 1.) Plaintiff spoke with Defendant Mayfield regarding his package and Mayfield informed Plaintiff that the package could not be located. Plaintiff also "submitted several Inmate Request for Interview forms to Mayfield" but did not receive any responses. (Compl. ¶ 38, ECF No. 1.) Plaintiff submitted his 602 to the appeals coordinator's office. Defendant Zuinani rejecting Plaintiff's 602, "stating that it was too great a time lapse." (Compl. ¶ 39, ECF No. 1.) Plaintiff then submitted his 602 to "the Chief Inmate Appeals to compel the appeals coordinator to accept and adjudicate his appeal, or possibly hear his appeal." (Compl. ¶ 40, ECF No. 1.) The Inmate Appeals Office informed Plaintiff that the appeal was either rejected, withdrawn, or canceled at the institution level.

**III. Discussion**

Plaintiff's complaint raises five separate causes of action. Plaintiff's first cause of action claims that Defendants are liable under California Government Code § 815.6 for failing to discharge a mandatory duty. Plaintiff's second cause of action claims that Defendants are liable under 42 U.S.C. § 1983 for their "[f]ailure to [p]rotect." Plaintiff's third cause of action claims that Defendants are liable under Section 1983 for their "[n]egligent [s]upervision." Plaintiff's fourth cause of action claims that Defendants are liable under Section 1983 for their "[w]illfull[sic] and [w]anton [c]onduct." Plaintiff's fifth cause of action claims that Defendants are liable under Section 1983 for violating Plaintiff's due process rights.

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims under Section 1983. Since Plaintiff's complaint does not state any federal claims, the Court will refrain from discussing the merits of Plaintiff's state law claim under California Government Code § 815.6.

///

[1] Based on the Court's experience with civil rights complaints filed by prisoners, a 602 is an administrative grievance form used by prisoners to file complaints regarding prison staff or prison policies.

**A. Failure to Protect Claim**

Plaintiff claims that Defendants Turner, Mayfield, and Zuinani "are charged with the implementation of administrative protection for the inmate population" and "are responsible for ensuing[sic] plaintiffs' rights were not violated." (Compl. ¶ 49, ECF No. 1.) Plaintiff claims that Turner, Mayfield, and Zuinani violated Plaintiff's state protected rights because they knew that Plaintiff's packages were not being delivered properly and failed to intervene. Plaintiff claims that "Turner, Mayfield and Zuinani knew of the violations, but failed to act as mandated by state and federal law in properly mitigating the damages outlined in the complaint." (Compl. ¶ 55, ECF No. 1.)

Section 1983 provides a cause of action against "[e]very person who, [under color of state law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under Section 1983, Plaintiff must identify the "rights, privileges or immunities secured by the Constitution and laws" that Defendants violated. Plaintiff's second cause of action is devoid of any reference to the Constitution or any specific law.

Plaintiff's second cause of action fails to state a cognizable claim because Plaintiff has failed to identify what federal rights, privileges or immunities were violated by Defendants.[2] Plaintiff has failed to identify any case, statute, or section of the Constitution which bestows upon Plaintiff the "state protected rights" alluded to in Plaintiff's complaint.

**B. Negligent Supervision Claim**

Plaintiff's third cause of action claims that Defendants Turner and Clark failed to properly supervise and train Defendant Gardner regarding the requirements of the Departmental Operations

[2] Plaintiff's first cause of action contends that Defendants violated rights guaranteed by regulations in the Departmental Operations Manual that requires prison officials to issue inmate packages within 15 calendar days of delivery to the institution. However, Section 1983 does not provide a cause of action for the violation of a state law or regulation. See Campbell v. Burt, 141 F.3d 927, 930 (9th Cir. 1998) ("As a general rule, a violation of state law does not lead to liability under § 1983."); Lovell ex rel Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 371 (9th Cir. 1996) ("We cannot enlarge federally protected rights simply because California chose to expand its state-created rights.").

Manual. Plaintiff is presumably referring to the section of the Departmental Operations Manual requiring the issuance of inmate packages within 15 calendar days of delivery to the institution. Plaintiff's Section 1983 claim fails because Plaintiff has failed to identify what federal rights, privileges or immunities were violated by Defendants. See discussion supra Part III.A. Plaintiff has not identified any case, statute, or section of the Constitution which bestows upon Plaintiff the right to receive inmate packages within 15 calendar days of delivery to the institution.

**C. Willful and Wanton Conduct Claim**

Plaintiff's fourth cause of action claims that Defendants Gardner and Mayfield "deliberately acted in a manner that gave rise to their damages." (Compl. ¶ 63, ECF No. 1.) Plaintiff's Section 1983 claim fails because Plaintiff has failed to identify what federal rights, privileges or immunities were violated by Defendants. See discussion supra Part III.A. Plaintiff has not identified any case, statute, or section of the Constitution which bestows upon Plaintiff the right to be free from the "deliberate[] act[s] . . . that gave rise to [Plaintiff's] damages."

**D. Due Process Claim**

Plaintiff's fifth cause of action claims that Defendants Mayfield and Zuinani violated Plaintiff's due process rights under the U.S. Constitution. Unlike Plaintiff's second, third, and fourth causes of action, Plaintiff's fifth cause of action can be liberally construed to raise a claim for the violation of the Due Process Clause of the Fourteenth Amendment.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In determining whether a hardship is sufficiently significant enough to warrant due process protection, the Court looks to: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody and is thus within the

prison's discretionary authority to impose, (2) the duration of the condition and the degree of restraint imposed, and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

To the extent that the allegations in Plaintiff's complaint can be liberally construed to raise a claim under the Due Process Clause, Plaintiff is advised that any such claim would not be cognizable. Plaintiff's complaint can be liberally construed to allege three types of injuries, 1) the injuries caused by Plaintiff's lost package, 2) the injuries caused by Defendants' failure to comply with the Departmental Operations Manual, and 3) the injuries caused by Defendants' failure to grant Plaintiff's 602 or otherwise intervene on the issues raised in Plaintiff's administrative appeals. None of these hardships rises to the level of a liberty interest protected by the Due Process Clause.

**1. Plaintiff's Property Interest**

While the Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974), the deprivation of Plaintiff's package does not rise to the level of a constitutional violation. Whether a deprivation of property rises to the level of a constitutional violation depends on whether the deprivation was negligent or unauthorized. A negligent deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available because pre-deprivation process is impracticable since the state cannot know when such deprivations will occur. Hudson v. Palmer, 468 U.S. 517, 533 (1984). Similarly, an intentional, but unauthorized, deprivation of property does not violate the Due Process Clause when adequate post-deprivation remedies are available. Id. California law provides an adequate post-deprivation remedy for any unauthorized property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Plaintiff alleges that his property was lost when prison officials lost track of his quarterly package. However, Plaintiff fails to allege anything that any specific Defendant did that caused Plaintiff's quarterly package to be lost. Plaintiff alleges that Defendant Mayfield could not find Plaintiff's package, but he does not allege that Mayfield or any other Defendant stole Plaintiff's

package or caused Plaintiff's package to be lost. Even if one of the Defendants stole or lost Plaintiff's package, it is clear from the allegations in Plaintiff's complaint that those actions would not have been authorized by any statute or regulation. If the actions were unauthorized, they are not actionable under Section 1983 because California law provides adequate post-deprivation remedies for any unauthorized property deprivations. Defendants' actions do not rise to the level of a constitutional violation.

**2. Defendants' Failure to Comply with the D.O.M.**

Whether Defendants' failure to comply with the Departmental Operations Manual is actionable depends on whether the hardship on Plaintiff rises to the level of a liberty interest protected by the Due Process Clause. Under Sandin, a hardship is sufficiently significant if it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Plaintiff's allegations regarding the lost package do not describe an atypical or significant hardship. Accordingly, the rights created by the Departmental Operations Manual concerning the delivery of packages do not rise to the level of a protected liberty interest and does not support a claim under Section 1983.

**3. Defendants' Processing of Plaintiff's Administrative Grievances**

Plaintiff has no constitutionally protected interest in the manner in which prison officials process Plaintiff's administrative grievances. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Since Plaintiff has no protected liberty interest in the prison grievance procedure, Defendants' failure to grant Plaintiff's 602s or otherwise intervene regarding Plaintiff's complaints does not rise

to the level of a due process violation. Thus, Plaintiff's complaint fails to state any claims under Section 1983.

**E. State Law Claims**

Plaintiff's only remaining claim is his claim that Defendants are liable under California Government Code § 815.6. Since Plaintiff fails to state any cognizable federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim. See 28 U.S.C. § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction"); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) (". . . if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

**IV. Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other

words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

///

///

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated: March 11, 2011** **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE