# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMITRIUS M. McCLENDON, | CASE NO. 1:11-cv–00239-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| W. GARDNER, et al., | (ECF No. 14) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.   Screening Requirement**

Plaintiff Demitrius M. McClendon is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 11, 2011, an order issued dismissing the complaint, with leave to amend, for failure to state a claim. Currently before the Court is the first amended complaint, filed April 5, 2011. (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the California Substance Abuse Treatment Facility ("CSATF"). Plaintiff brings this action against Defendants Mayfield, Suinani, and Does 1 through 10, in their individual and official capacities, for deliberately withholding his quarterly package in violation of the First and Fourteenth Amendments.

When Plaintiff enquired about his quarterly package from Defendant Mayfield he was told that it could not be located and that Plaintiff would be compensated. Tracking showed that the package was delivered to CSATF. Plaintiff alleges that Defendant Mayfield failed to train and supervise employees, and is liable because he is the immediate supervisor of receiving and release. Additionally, Defendant Mayfield was aware that Plaintiff's constitutional rights were violated because he told Plaintiff that he would be compensated for the loss.

Plaintiff did not receive compensation and filed several requests to find out why compensation was taking so long and an inmate grievance. Defendant Zuinani rejected Plaintiff's grievance stating that there had been too great a time lapse. Plaintiff provided evidence as to why

the appeal was not time barred, but Defendant Zuinani did not consider the appeal. Plaintiff alleges that Defendant Zuinani failed to intervene when it was made known to him that Plaintiff's constitutional rights were violated in violation of due process.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff has previously been granted leave to amend his complaint, with guidance from the Court, and failed to cure the deficiencies in his amended complaint. Therefore it shall be recommended that this action be dismissed, with prejudice.

**III.    Discussion**

    **A.    First Amendment**

        **1.    Access to the Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

Plaintiff may not pursue a claim for denial of access to the courts based on the failure of staff to respond to his appeals or based on the rejection of his appeals by staff. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and because Plaintiff has not alleged any facts demonstrating that he suffered an actual injury to qualifying litigation, his claim fails as a matter of law. Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351.

        **2.    Mail**

Prisoner's have a right under the First Amendment to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). However, an isolated incident of interference with an inmate's mail is usually insufficient to allege a constitutional violation. Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003). Additionally, the First Amendment protects the flow of information to prisoners which includes the receipt of mail. Crofton v. Roe, 170 F.3d 957, 959 (9th Cir. 1999);

3

see Thornburgh v. Abbott, 490 U.S. 401, 408, 109 S. Ct. 1874, 1879 (1989).  Here, there is no implication that Plaintiff's package contained any information protected by the First Amendment and the loss of his package does not implicate his right to communicate.  Plaintiff's claim is that his quarterly package was lost and relates to the recovery of his property or compensation for the loss.  The loss of Plaintiff's quarterly package as alleged in the first amended complaint does not state a cognizable claim for a violation of the First Amendment.

### B.  Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005).  In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id.  The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995).  However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300.  A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

#### 1.  Deprivation of Property

Plaintiff alleges that his property was deliberately lost or destroyed by prison officials after it was received at CSATF.  While an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful postdeprivation remedy is available for the loss. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1984).  Whether the cause of the loss or destruction of Plaintiff's quarterly package was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533.  Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

4

To the extent that Plaintiff attempts to state a claim due to the failure of prison officials to compensate him for the loss of his property, he fails to state a claim for a violation of his federal rights. Because state law provides Plaintiff with the opportunity to be compensated for his property, the failure to prison officials to provide compensation is not sufficient to state a claim for a violation of due process. Hudson, 468 U.S. at 533.

**2.     Grievance Procedure**

There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Additionally, the prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley, 997 F.2d at 495.

The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); see Owens v. Hinsley, 635 F.3d 950, 953 (7 th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create liberty interests protected by the Due Process Clause, and so the alleged mishandling of [an inmate's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Plaintiff has failed to state a claim against Defendant Zuinani for failure to process his inmate appeals.

**C.     Just Compensation**

Plaintiff's allegation that he has not received just compensation for the loss or destruction of his property, fails to state a cognizable claim. The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation. The Takings Clause of the Fifth Amendment "limits the government's ability to confiscate property without paying for it," and "is designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." Vance v. Barrett, 345 F.3d 1083,

1089 (9th Cir. 2003) (internal quotations and citation omitted).  The loss or destruction of Plaintiff's quarterly package was not for a taking for public use and does not state a claim under the Fifth Amendment.

### D. Liability

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  A suit brought against prison officials in their official capacity is generally equivalent to a suit against the prison itself.  McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986).  Therefore, prison officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law."  McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985).  Plaintiff's complaint fails to set forth any factual allegations that his property loss was due to a policy or custom.

To the extent that Plaintiff attempts to state a claim based on failure to train, the "failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact."  Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006); see City of Canton, Ohio v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 1204 (1989).  The failure to train must be the moving force behind the constitutional violation.  Canton, 489 U.S. at 391, 109 S. Ct. at 1206.  Plaintiff 's claim fails as he has not alleged a cognizable claim for a violation of his constitutional rights.

Additionally, Plaintiff cannot state a claim based on failure to supervise as government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*.  Iqbal, 129 S. Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 1948.  Plaintiff has failed to link any named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

///

**IV.     Conclusion and Recommendation**

The Court finds that Plaintiff's first amended complaint fails to state any claims upon which relief can be granted under § 1983 against any named Defendant. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 16, 2012             /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE